Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff is the subcontractor of a Government contractor and agreed to furnish all labor, material, tools and equipment for and install in place all roofing, insulation and waterproofing required by the prime contract for the construction of a post office building to be erected in Cleveland, Ohio. Plaintiff’s petition was filed pursuant to the Act of Congress approved June 25,1938, entitled “An Act to confer jurisdiction on the Court of Claims to hear, determine, and enter judgment upon the claims of Government contractors whose costs of performance were increased as a result of enactment of the National Industrial Recovery Act, June 16, 1933.” 52 Stat. 1197.
On August 1,1933, plaintiff joined the Composition Roofers’ Association, whose members were all roofing contractors. There existed at the time in the city a local Composition Roofers’ Union. At this time there was formed a Joint Labor Committee consisting of three members of the Association and three members of the Union to discuss and agree on wages and working conditions. For sometime prior thereto and at that time about one-half of the members of the Union were out of employment. The Joint Labor Committee construed the National Industrial Recovery Act to mean that work was to be spread in such a way as to give employment to more members of the Union.
With this idea in view the Union members of the Joint Labor Committee requested that a stagger system of employment, which would give some work to all members of the Union, be inaugurated. By this system the members of the Association requiring labor would call upon the Union and the Union would furnish members from the top of the list, who, after working from three to six days would be placed at the bottom of the list. The Association approved this *547 stagger system on the theory that it carried out the purposes of the National Industrial Recovery Act and it was put into effect about the time plaintiff started work on its subcontract. Only Union men were employed and Union wages paid.
The plaintiff did not sign the President’s Reemployment Agreement until August 29, 1933, and commenced work on its subcontract on October 23, 1933, completing it July 18, 1934.
The facts in the case show that whatever delay was suffered by plaintiff and whatever losses were incurred arose in the stagger system, which had been adopted by the plaintiff at the insistence of the Union, and not as a result of the National Industrial Recovery Act.
We have repeatedly held that in order to recover a plaintiff has to show that the loss sustained was the direct result of the Act.
In this case from a recitation of the facts it is evident that the stagger system was the real cause of the work being spread over a longer period and the loss was occasioned by the inefficiency of men performing the particular work, as many of the men assigned to plaintiff were not skilled in the special work they had to perform. See McCloskey & Company v. The United States, (No. 44003) 98 C. Cls. 90, and Dravo Corporation, v. United States, 93 C. Cls. 734..
The reduction and relief of unemployment was, of course, a purpose of the National Industrial Recovery Act, and it may be that the stagger system as used on this job helped, in a way, toward that end. But the jurisdictional Act, giving the right to sue herein, contemplates relief from a situation brought about as a result of the Recovery Act..
We have no proof of any inherent defect in a stagger system, as such. The real, immediate cause of plaintiff’s extra expenses was the inefficiency of its employees. There is no evidence that the Government forced, induced, or urged the employment of men not adapted to their work. For aught that is demonstrated to the contrary, a stagger system might be well managed, as here it was not.
High as the motives were that were back of its adoption, the weakness of the stagger system as it was here applied cannot be charged to the National Industrial Recovery Act.
*548 Inefficiency is not shown to have been the inevitable result of the stagger system, nor can it in any wise be attributed to the fact that the National Industrial Recovery Act was placed upon the statute books.
Plaintiffs petition is dismissed. It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.